## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-CR-00327-RMR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.      OSCAR DURON-DE LUNA,
           a/k/a Oscar Duron,
           a/ka Oscar de Luna,
           a/ka Carlos Carbajal,
           a/k/a Eduardo Diaz,
           a/k/a Tomas Duron-Deluna,
           a/k/a Oscar Duron Munos,
           a/k/a Saul Muranda,
           a/k/a Juan Gonzalez-Solis,

       Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Oscar Duron-De Luna, personally and by counsel, Matthew Belcher, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

COURT
EXHIBIT
1

(1)     plead guilty to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a), illegal re-entry of a previously deported alien following a felony conviction, agreeing that the enhanced penalty under 8 U.S.C. § 1326(b)(1) applies.

(2)     waive certain appellate and collateral attack rights, as explained in detail below.

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(C) and the parties agree that 60 months' imprisonment concurrent to the sentenced imposed in District of Colorado Case No. 17-cr-00202-PAB [ECF 67] is the appropriate disposition in this case.

The parties understand that, once the Court accepts the plea agreement, the Court is required to enter the above-described sentence. The parties further understand that, if the Court informs the parties that it intends to impose a sentence different from the above-described sentence, either party has the right to withdraw from the plea agreement.

**B. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), including when the case was originally indicted as District of Colorado Case No. 22-cr-0018-RMR, unless it meets one of the following criteria:

(1)     the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 1326(a), (b)(1);

(2)     the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 27; or

(3)   the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)   the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)   the defendant was deprived of the effective assistance of counsel; or

(3)   the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18

U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements to which the defendant will lea guilty are as follows:

*First*:  The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United States;

*Third*: the defendant knowingly entered and was found in the United States;

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.


Note: the parties agree that the sentencing provision of 8 U.S.C. § 1326(b)(1) applies. This is not an essential element of the offense but rather is a sentencing factor for the Court. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of 8 U.S.C. § 1326(a) and (b)(1) is not more than 10 years of imprisonment, not more than a $250,000 fine, or both, not more than three years supervised release, and a $100 special assessment fee.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

## V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

Oscar Duron-De Luna is 38-year-old male native and citizen of Mexico by virtue of his birth in Chihuahua, Mexico on May 11, 1984. The defendant last entered the United States unlawfully on or after April 14, 2021. He was determined to have been last removed from the United States to Mexico on April 14, 2021, through San Ysidro, California,

subsequent to a conviction classified as a felony. The defendant has not sought permission from the United States Attorney General to reenter the United States after his last removal.

The defendant was encountered by immigration officials on September 6, 2021. There, he admitted to law enforcement that he knowingly reentered the United States illegally on April 15, 2021, through San Diego, California.

The defendant was, on December 1, 2017, convicted in the United States District Court in District of Colorado Case No. 17-cr-00202-PAB of Illegal Reentry of a Previously Removed Alien Subsequent to a Felony Conviction, in violation of 18 U.S.C. § 1326(a) and(b)(1). He was sentenced to a term of 12 months of imprisonment and three years of supervised release. On December 9, 2022, the defendant was sentenced to seven months of imprisonment concurrent to the present case due to a violation of his supervised release.

The defendant was, on June 5, 2017, convicted in the District Court of Colorado in Jefferson County Case No. 2016CR001820, for the offenses of: Aggravated Motor Vehicle Theft in the First Degree Less Than $20K in violation of C.R.S. § 18-4-409 (2), (3)(a), a class 5 felony; Gathering Identity Information by Deception in violation of C.R.S. § 18-5-904, a class 5 felony; Criminal Mischief Under $300 in violation of C.R.S. § 18-4-501(1), (4) (a), a class 3 misdemeanor; Throwing Missiles at Vehicles in violation of C.R.S. § 18-9-116(1), a class 1 petty offense; and Resisting Arrest in violation of C.R.S. § 18-8-103, a class 2 misdemeanor. For these offenses, the defendant's largest sentence was to four years prison in the Colorado Department of Corrections.

The defendant was, on April 13, 2017, convicted in Colorado District Court, in Denver County Case No. 2016CR000296 for the offense of Forgery-Public Record/Filed with Public Office in violation of C.R.S. § 18-5-102(1)(d), a class 5 felony. He was sentenced to four years community corrections to be served concurrent with Denver County Case No. 2014CR001955 and Adams County Case No. 2009CR00346. That sentence was converted to a four-year Colorado Department of Corrections sentence, also concurrent to the previously mentioned cases, on October 19, 2017.

The defendant was, on April 13, 2017, convicted in the Colorado District Court in Denver County Case No. 14CR001955 for the offense of Criminal Possession of a Financial Device- 2+ Devices in violation of C.R.S. § 18-5-903(1), (2)(b), a class 6 felony. He was sentenced to four years community corrections to be served concurrent with cases Denver County Case No. 2016CR00296 and Adams County Case No. 2009CR00346. That sentence was converted to a four-year Colorado Department of Corrections sentence, also concurrent to the previously mentioned cases, on October 19, 2017.

The defendant was, on March 7, 2016, convicted in the Colorado District Court in Douglas County Case No. 14CR00291, for the offense of Aggravated Motor Vehicle Theft $20,000 or Less, in violation of C.R.S. § 18-4- 409(2), (3)(a), a class 5 felony. He was sentenced to four years of probation. On May 7, 2017, the defendant's probation was revoked, and he was re-sentenced to serve three years community corrections, with 250 days credit time served. This sentence was ordered to be served concurrent with Denver County Case no. 14CR001955 and Adams County Case No. 2009CR00346. That

sentence was converted to a three-year Colorado Department of Corrections sentence, also concurrent to the previously mention cases, on September 18, 2017.

The defendant was, on September 25, 2014, convicted in the United States District Court in District of Colorado Case No. 14-cr-00307-PAB-01 for the offense of Illegal Reentry of Previously Removed Alien Following a Felony Conviction in violation of 8 U.S.C. § 1326(a) and (b)(1), a felony, for which he was sentenced to a term of six months in the United States Bureau of Prisons.

The defendant was, on November 3, 2010, convicted in the Colorado District Court, in Adams County Case No. 2009CR00346 for the offense of Theft, $20,000 or More, in violation of C.R.S. § 18-4-401(1), (2)(d), a class 3 felony. He was sentenced to a term of four years of probation and various fines including victim restitution. That sentence was revoked on April 6, 2017, and eight years of community correction imposed. That sentence was converted to six years in the Colorado Department of Corrections concurrent with Denver County Case No. 14CR01955, Denver County Case No. 2016CR000296, Jefferson County Case No. 16CR01820, and Douglas County Case No. 17CR00291.

The defendant was, on August 20, 2007, convicted in the Colorado District Court in Denver County Case No. 2006CR002702 for the offense of First-Degree Tampering in violation of C.R.S. § 18-4-505, a class 1 misdemeanor. He was sentenced to a term of two years of probation. On July 1, 2008, the defendant's probation was revoked, and he was re-sentenced to 30 days jail and two years of probation. That sentence was ordered to be served concurrently with Denver County Case No. 2005CR004623.

The defendant was, on August 22, 2007, convicted in the Colorado District Court in Denver County Case No. 2005CR004623 for the offense of Criminal Impersonation to Gain a Benefit in violation of C.R.S. § 18-5-113(1)(e), a class 6 felony. He was sentenced to 18 months of probation. On July 1, 2008, the defendant's probation was revoked, and he was re-sentenced to 30 days jail and two years of probation. That sentence was ordered to be served concurrently with Denver County Case No. 2006CR002702.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

     a)    Under USSG § 2L1.2, the base offense level is **8**.

     b)    Specific offense characteristics: There is a **4-level** increase because the defendant committed the instant offense after sustaining a felony conviction that is an illegal reentry offense. USSG § 2L1.2(b)(1)(A).

There is an additional **10-level** increase because the defendant committed the instant offense after engaging in criminal conduct that any time, resulted in a felony conviction (other than an illegal reentry offense) for which the sentence imposed was five years or more before the defendant was ordered deported or ordered removed from the United States for the first time. USSG § 2L1.2(b)(2)(D).

There is an additional **8-level** increase because the defendant committed the instant offense after engaging in criminal conduct that, at any time, resulted in a felony conviction (other than an illegal reentry offense) for which the sentence imposed was two years or more after the defendant was ordered deported or ordered removed from the United States for the first time. USSG § 2L1.2(b)(3)(B)

c)   There are no victim-related, role-in-offense, obstruction an/or multiple count adjustments.

d)   The adjusted offense level is **30**.

e)   The defendant should receive a 3-level adjustment for acceptance of responsibility under USSG § 3E1.1. The resulting, total offense level there would be **27**.

f)   The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category **VI**.

g)   The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h)   The advisory guideline range is **130-162** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from **70** months (bottom of Category I) to **162** months (top of Category VI). Pursuant to USSG § 5G1.2(a), however, the advisory guideline sentence resulting from these calculations is the statutory maximum prison sentence, **120** months, because the advisory range above exceeds that maximum.

i)   Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $15,000 to $150,000, plus applicable interest and penalties.

j)   Pursuant to guideline § 5D1.2, if the Court imposes a term of

supervised release, that term at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

As noted above in Section I.B. the parties have agreed pursuant to Fed.R.Crim.P.11(c)(1)(C) that a prison sentence of 60 months is the appropriate sentence in this case and will be jointly asking the Court to impose that sentence.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: _____

_____
Oscar Duron-De Luna
Defendant

Date: 1/27/2023

_____
Matthew Belcher
Attorney for Defendant

Page 11 of 12

Date:  1/27/23

Albert Buchman
Assistant U.S. Attorney