IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00327-RMR

UNITED STATES OF AMERICA,

   Plaintiff,

v.

OSCAR DURON-DE LUNA,

   Defendant.

---

### SENTENCING STATEMENT

---

  The United States of America respectfully submits this sentencing statement in anticipation of sentencing on April 14, 2023. The government requests that the Court accept the plea agreement [ECF 25] and impose 60 months' imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C).

  Since his entry into the United States in 1987, the defendant has incurred 10 adult felony convictions, including two for illegal reentry. ECF 27, ¶¶ 41-64. Due to his extensive history and related guideline enhancements, the defendant's advisory guideline sentence would be the statutory max for the crime, 120 months' imprisonment. *See id.*, ¶¶ 26-40, 56; ECF 27-1, p. R-1.[1]

---

[1] The government notes that one felony theft conviction has had a particularly large impact on the guideline calculation. *See* ECF 25, ¶¶ 30, 52.

1

Nonetheless, the government asserts that a 60 month' sentence is sufficient. While the defendant's criminal history is extensive and concerning, no doubt having harmed the community in countless ways, the government recognizes that none of his conduct is violent. Rather, it is composed of traffic offenses, crime, immigration offenses, corollary supervision noncompliance, and pending property cases. *See* ECF 27, ¶¶ 41-64. In the abstract, a defendant with an equal volume of criminal history but with more violent conduct would guideline to the same. By that reasoning, the government believes a guideline sentence of 120 months' would be greater than necessary here, whereas that maximum sentence may be appropriate when founded on a more violent criminal history. To be sure, 60 months' still represents a substantial sanction in recognition of the Court's need to protect the community, but a variance is also accordingly just: it balances the seriousness of the offense with the defendant's relative criminal history. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A) and (a)(2)(C).

Furthermore, 60 months' affords adequate deterrence pursuant to § 3553(a)(2)(B).[2] At its root, 8 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See e.g.*, *United States v. Hernandez-Baide*, 392 F.3d 1153, 1158 (10th Cir. 2004), *overruled on other grounds* by *Hernandez-Baide v. United States*, 544 U.S. 1015 (2005); *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078

---

2   Normally to further promote deterrence, the government requests a special condition be imposed that the defendant remain outside of the United States under 18 U.S.C. §§ 3583(c), 3583(d), and 3553(a)(2)(B). Given the substantial prison sentence here, the government does not believe it necessary in this case.

(9th Cir. 1998). The defendant has been previously removed from the United States three times, after which he returned to the United States in defiance of immigration orders. ECF 27, ¶¶ 86. In the extensive litigation in this case while it was pending as District of Colorado Case No. 22-cr-0018-RMR,[3] however, the defendant has become aware of the major consequences if he were to reenter in the future, as his guideline sentence would likely remain at the statutory maximum. Also important, 60 months' would be a steep increase from the 6-month and 12-month sentences he received in his prior illegal reentry cases, *See* ECF 27, ¶¶ 56, 59. In light, 60 months' promotes respect for the law and also serves to impress upon the defendant and others the requirement to remain outside the nation States in compliance with civil immigration laws. 18 U.S.C. § 3553(a)(2)(A) and (B).

Last, the government requests that the sentence here be imposed concurrent to the prison sentence imposed in District of Colorado Case No. 17-cr-00202-PAB. *See* ECF 25, ¶ 59. In that case, Chief Judge Brimmer imposed a seven months' imprisonment concurrent to the sentence here on one violation of supervised release: "Failure to Comply with Special Condition not to Re-Enter the United States Illegally." 17-cr-00202-PAB, ECF 67. As asserted above, given the substantial sanction that a 60-month sentence represents, the government believes a concurrent sentence with Chief Judge Brimmer's is appropriate by way of 18 U.S.C. § 3553(a) and despite USSG § 7B1.6(f).

---

3   The government also appreciates that, despite the litigation in this case, the defendant has accepted responsibility by agreeing to an appellate waiver. *See* ECF 25, pp. 2-4.

**CONCLUSION**

The government respectfully requests that the Court impose 60 months' imprisonment.

Dated this 28th day of March, 2023.

        Respectfully submitted,

        COLE FINEGAN
        United States Attorney

        *s/ Albert Buchman*
        ALBERT BUCHMAN
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: al.buchman@usdoj.gov
        Attorney for the Government

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Lauren Timm*
LAUREN TIMM
Legal Assistant
United States Attorney's Office