IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00327-RMR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

OSCAR DURON-DE LUNA,

       Defendant.

---

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING STATEMENT**

---

       Defendant, Oscar Duron-De Luna, through undersigned counsel, submits the following response to the government's sentencing statement (Doc. #28) and would show as follows:

       Mr. Duron-De Luna joins in the government's request that this Court accept the pending 11(c)(1)(C) Plea Agreement and impose a sentence of 60 months imprisonment, concurrent with the 7-month sentence imposed by Chief Judge Brimmer in 17-CR-00202-PAB, followed by no additional term of supervision. Such a sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing set out in 18 U.S.C. § 3553(a).

       As noted by the government, Mr. Duron-De Luna has received a 6-month sentence and a 12-month sentence for prior § 1326 violations in the District of Colorado. Both of these sentences were under the former version of § 2L1.2. Under this former version, a defendant's base offense level was increased by 4, 8, 12, or 16 levels based on the "severity" of prior convictions. The most severe increase is reserved for defendants who had prior convictions for serious drug trafficking, crimes of violence, child pornography, national security or terrorism, human trafficking, or alien

smuggling.[1]  Prior to the amendments in November of 2016, if a defendant received a 16-level increase and also fell within the highest criminal history category of VI, the maximum recommended sentence under the § 2L1.2 guidelines was between 77 and 96 months.[2]

Of note, Mr. Duron-De Luna did not and still does not have any prior convictions that would have warranted the 16-level increase of old, let alone the 12-level or 8-level increases for less severe drug trafficking offenses and other aggravated felony offenses.  Instead, Mr. Duron-De Luna received a 4-level enhancement, each time, for having prior felony theft convictions.

In November 2016, the Sentencing Commission amended § 2L1.2 and, in so doing, completely removed the 16, 12, 8, and 4 level specific offense characteristic increases based on the types of prior convictions a defendant may or may not have.[3]  The Sentencing Commission amended § 2L12 based on comments received by both bench and bar, along with sentencing data collected by the Sentencing Commission, both of which indicated that the existing 16-level and 12-level enhancements for certain prior felony convictions were overly severe.  In fact, the Sentencing Commission found that in fiscal year 2015, only 29.7% of defendants who received the most severe 16-level enhancement were actually sentenced within the applicable sentencing guidelines range (which was typically 77 to 96 months).

However, instead of simply removing the overly severe specific offense characteristic enhancements based on the type of prior conviction a defendant had, the Sentencing Commission simply swapped it out with an overly complex system of enhancements based now on the length of sentence imposed, not whether the conviction was a crime of violence, a serious drug trafficking

---

[1] United States Sentencing Commission Guidelines Manual, § 2L1.2 (2016).
[2] Section 2L1.2 (2016) – base offense level 8, plus 16 (24), less 3 for acceptance (21/VI = 77 to 96 months).
[3] https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160428_RF.pdf

offense, or an otherwise aggravated felony conviction. While this new approach has, at times, led to more lenient sentencing recommendations, it unfortunately has also led to extreme and unreasonable sentencing recommendations. These recommendations are far removed from the most severe recommendation § 2L1.2 could make prior to the November 2016 amendments, which was 77 to 96 months. The very same guidelines range that resulted in 70% of defendant receiving a below guidelines sentence in fiscal year 2015.

Case in point. In 2014, Mr. Duron-De Luna received a six-month sentence, despite having the November 3, 2010, Theft - $20,000 or More felony conviction in Adams County that is now resulting in a 10-level increase in the guidelines range. In 2017, Mr. Duron-De Luna received a 12-month sentence for illegal reentry. This 12-month sentence was based on a 4-level specific offense characteristic increase for having prior felony theft convictions as well – the exact same prior convictions that Mr. Duron-De Luna currently has before this Court. The reason for the 4-level enhancement was that despite having several prior felony convictions, none of those convictions were for drug trafficking, crimes of violence, or otherwise aggravated felony offenses. They were property crimes that did not greatly increase the safety risk to the general public should Mr. Duron-De Luna return illegally in the future.

Despite this, after the 2016 amendments, amendments designed to *lessen the severity of the Illegal Reentry guideline*, Mr. Duron-De Luna now faces an 18-level specific offense characteristic for two prior felony theft convictions. The first was a 13-year-old felony theft conviction in Adams County where Mr. Duron-De Luna was arrested at a credit union while making his monthly payment on a vehicle he had purchased using a false or fictious name and Social Security number. Mr. Duron-De Luna was originally sentenced to 4-years probation for this offense. The second similar offense was when Mr. Duron-De Luna was convicted in 2017 of

3

purchasing a vehicle with false or fictitious identity. This offense resulted in a 4-year Colorado Department of Corrections sentence.

The resultant recommendation is 130 to 162 months, which dwarfs the most severe recommendation the guidelines made pre-2016, which was 77 to 96 months. And remember, the 77 to 96 month recommendation was for a defendant who committed serious and/or violent offenses in the past and fell within the highest criminal history category of VI. Even then, in fiscal year 2015, 70% of these defendants received a below guidelines sentence based on the view held by both bench and bar that the 16-level increase was *overly severe* and created guidelines ranges that were far greater than necessary to achieve the goals of sentencing set forth in § 3553(a).

Just as the 16-level increase of old was overly severe and resulted in unreasonably high guidelines ranges, so too is the 18-level increase Mr. Duron-De Luna is currently subjected to under the current guidelines, which oddly were amended to *lessen* the severity of the guidelines, not, as here, recommend sentencing ranges that far exceed the statutory maximum sentence of 120 months.

Mr. Duron-De Luna has returned illegally multiple times and has obtained several felony convictions while in the United States. The previous 6-month and 12-month sentences he received for illegally reentering the United States have not deterred him. As such, an incremental increase in punishment is warranted. However, the increase in punishment recommended by the guidelines far exceeds that which is necessary to promote respect for the law, provide just punishment, protect the public, and afford adequate deterrence.

As such, Mr. Duron-De Luna joins the government in urging this Court to adopt the 11(c)(1)(C) agreement in this case and sentence him to a period of 60 months of incarceration, concurrent to the 7-month sentence in 17-CR-00202-PAB, followed by no additional term of

supervision. As to the latter, undersigned counsel agrees with counsel for the government that a 60-month sentence, coupled with Mr. Duron-De Luna's knowledge that, should he illegally return, he will be facing a guidelines sentence of 120 months, is sufficient deterrence without the additional imposition of a term of supervision.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        */s/ Matthew K. Belcher*
        MATTHEW K. BELCHER
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, Colorado 80202
        Telephone: (303) 294-7002
        FAX: (303) 294-1192
        Email: Matthew_Belcher@fd.org
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I certify that on April 7, 2023, I electronically filed the foregoing ***Defendant's Response to Government's Sentencing Statement*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Albert Buchman, Assistant U.S. Attorney
    Email:  al.buchman@usdoj.gov

and I will serve the document or paper to the following non-CM/ECF participant in the manner indicated:

    Oscar Duron-De Luna (via mail)

                                      */s/ Matthew K. Belcher*
                                      MATTHEW K. BELCHER
                                      Assistant Federal Public Defender